STATE OF NEBRASKA V. MARK T. HYSLOP.

FILED NOVEMBER 6, 1936. No. 29756.

*William H. Wright, Attorney General, Milton C. Murphy* and *Lloyd W. Kelly,* for plaintiff in error.

*William Suhr, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and MUNDAY, District Judge.

GOOD, J.

This is a proceeding brought by the state as plaintiff in error to review alleged errors in rulings made and instructions given by the district court in a criminal action. This procedure is authorized by sections 2021, 2314, 2315, and 2316, ch. 29, Comp. St. 1929.

Defendant Hyslop was prosecuted in the district court on an information containing two counts, each charging a violation of the state liquor law. The first count charged the defendant with the unlawful possession of intoxicating liquors that did not bear the mark or stamp thereon required by law. The second count charged defendant with

unlawful transportation in a truck of a quantity of alcoholic liquor without defendant having been first designated by the Nebraska liquor control commission as a carrier of alcoholic liquors, and without a permit having been issued to him for transportation of such liquors by truck. At the conclusion of the evidence, on motion of defendant the court dismissed the second count of the information on the alleged grounds that it did not charge an offense under the law of the state of Nebraska, and that the evidence was insufficient to sustain a conviction on said count. The case was submitted to the jury on count one of the information, and a verdict of not guilty was returned, whereupon defendant was discharged. The state now charges that the court committed error in sustaining the motion to dismiss as to the second count of the information and in giving a number of instructions to the jury.

The undisputed evidence shows that defendant was the owner and operator of a truck, had paid the registration fee for the operation of a ten-ton truck in the state of Nebraska, and had issued to him a registration certificate for such truck. On July 27, 1935, defendant at Chicago received from the Cloister Company 324 cases of alcoholic liquors, consigned to different bonded warehouses or licensed and bonded wholesale liquor dealers in the state of Nebraska. He had transported such liquors from Chicago into the state of Nebraska in his truck and was about to deliver to Distillers Distributing Company, of Grand Island, that portion of his cargo that was consigned to it, when he was arrested and put upon trial.

It appears that prior to his engaging in hauling intoxicating liquor into the state defendant had made application to a bonding company for a bond which would authorize him to be designated as a carrier of alcoholic liquors by truck and to have a permit therefor, and was informed that a bond for $1,000 was required. He paid the fee for and received a bond for $1,000, which was presented to the state liquor control commission. He was then informed that the bond required must be for $3,000, and, although he had

promised to apply for and secure such bond, he had neglected so to do at the time of his arrest.

The first question for consideration is: Did the court err in dismissing the second count of the information? It is contended by counsel representing the trial court that no penalty is provided by statute for the transportation of liquor under such circumstances, and that, therefore, the information did not charge, and the evidence did not show, a punishable violation of statute.

Section 1 of the liquor control act, being section 53-301, Comp. St. Supp. 1935, among other things provides: "(c) No person shall * * * transport, deliver, furnish or possess any alcoholic liquor for beverage purposes, except as specifically provided in this act." Defendant does not come within any of the exceptions noted.

Section 63 of the act, being section 53-363, Comp. St. Supp. 1935, among other things provides: "Any person who * * * shall violate any other provisions of this act for which penalty is not otherwise provided, shall for a first offense be fined not more than five hundred dollars, and for a second or subsequent offense shall be fined not more than one thousand dollars or be imprisoned in the county jail not more than six months, or be both fined and imprisoned, except where other penalties are specifically provided."

Section 22 of the liquor control act, being section 53-322, Comp. St. Supp. 1935, provides: "Any common carrier of merchandise owning or operating any * * * truck, or other transportation lines * * * upon application and filing of a bond in form and penalty and with such sureties as may be approved by the commission, may be designated as a carrier of such liquors, for the final release of which liquors, from a bonded warehouse in the state of Nebraska, a permit has not been issued: Provided, the consignee shall be some manufacturer or distributor, maintaining a bonded warehouse for such liquors within the state of Nebraska; and provided further, nothing in this section shall be construed to prevent or restrict any common carrier from transporting in intrastate commerce any such liquors without giving

the bond aforesaid where the consignor is a bonded warehouse of the state of Nebraska and the consignee is a licensed retail liquor dealer in this state. Any such liquor arriving at a point of entry in the state of Nebraska, may be entered, under such rules and regulations as the commission may prescribe, for transportation in bond to any bonded warehouse in the state of Nebraska."

It appears that defendant, at the time in question, had not been designated as a carrier of liquors by truck and had not received a permit. And it further appears that the liquor control commission had required that, in instances of this sort and with a truck of this capacity, a bond of $3,000 must be given, with approved sureties, before a permit would be issued. Such permit had not been issued to the defendant. We are of the opinion that the statute made the act of defendant in so transporting liquor, under the circumstances, unlawful; that the statute provides a penalty therefor, and that the court erred in sustaining the motion to dismiss the second count of the information. The state's exception to such ruling is sustained.

The state alleges error in the giving of instructions 10 to 14, inclusive. It contends, and we think correctly, that it is unlawful for any person to have in his possession in this state any cask or package of intoxicating liquors without having thereon the mark or stamp required by the state law, unless such person is a bonded carrier possessing a permit from the liquor control commission, or is a licensed manufacturer or bonded warehouseman or distributor of intoxicating liquors within this state; also that an importer of intoxicating liquors in this state is not required to have the package of such liquor marked and stamped until it reaches a bonded warehouse. We quite agree with this contention. A bonded carrier, with a proper permit, may lawfully have such liquor in his possession for transportation from the time it comes into the state until delivered to a bonded warehouseman or a duly licensed distributor of intoxicating liquors.

The tenth instruction is in part as follows: "You are in-

structed that under the law of this state intoxicating liquors may now be legally manufactured, distributed and sold under certain conditions and restrictions. That these conditions are, in so far as they affect this case, that a tax, which is levied by the law, shall be paid by the manufacturer or distributor before such intoxicating liquors shall be released and become an article of commerce within this state."

Strictly speaking, when liquors are imported into this state they become articles of commerce within this state, and it is not necessary that the stamps be placed thereon, when brought in by a bonded carrier with a permit, until they reach a bonded warehouse or a duly licensed distributor. To the extent that the instruction indicates otherwise, it is erroneous.

Another instruction informed the jury that the law of the state of Illinois, from which the liquor in question was shipped, is presumed to be the same as the law of the state of Nebraska. Such an instruction, we think, was not proper to be given. No penalty could be incurred under the law of this state except for transactions occurring within the state, and our state law has no extraterritorial effect. Likewise, the law of another state cannot make lawful in this state an act which would be unlawful under our law, or make it unlawful in this state where it is lawful under the laws of Nebraska. Criticism of other instructions seems to be without real merit.

To the extent indicated, the exceptions of the state are sustained, and in other respects are overruled.

EXCEPTIONS SUSTAINED IN PART AND OVERRULED IN PART.